UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/09
```

------------------------------------------x
                               :

PATRICIO HANSEN,                 :

              Plaintiff,    :      06 Civ. 15293 (TPG)

        – against –       :      **OPINION**

THE REPUBLIC OF ARGENTINA,  :

           Defendant.   :

------------------------------------------x

Plaintiff is the beneficial owner of certain bond indebtedness issued by defendant, the Republic of Argentina, on which the Republic defaulted in December 2001. Plaintiff is suing on behalf of himself and a class to recover amounts due to them as a result of the default.

Plaintiff now moves for summary judgment. The Republic objects on two grounds. First, plaintiff filed this action as a class action, yet seeks summary judgment only on his own behalf. Second, the documents initially submitted by plaintiff to prove ownership were over two years old, and therefore could not prove current ownership. In response to these concerns, plaintiff has submitted a declaration stating that he no longer wishes to pursue claims on behalf of a class, and submitted an account statement and letter from 2008, which indicated his current ownership of the bonds.

The motion for summary judgment is granted. However, plaintiff's claims on behalf of the class are dismissed.

## **Background**

The bond indebtedness at issue is governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"). The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs, "each holder of Securities and such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately."

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the

- 2 -

circumstances of these defaults.  Lightwater, 2003 WL 1878420, at *2;

Applestein v. Republic of Argentina, No. 02 Civ. 1773, 2003 WL 1990206,

at *1 (S.D.N.Y. Apr. 29, 2003).  On April 4, 2008, plaintiff sent a notice to

Deutsche Bank Trust Company Americas, the Fiscal Agent of the

Republic, declaring the principal amounts of the debt securities held by

plaintiff to be immediately due and payable.

The bonds that are the subject of this action, and the amounts of

the beneficial interests owned by plaintiff, are listed in the following

tables.[1]

---

[1] The court notes the distinction between bonds and beneficial interests.  In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository.  The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers.  These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest.  This distinction is discussed more fully in Million Air Corp. v. Republic of Argentina, No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

## Table 1.

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | Alberto Hansen and Patricio M. Hansen |
| Face Value: | U.S. $200,000.00 |
| ISIN No.: | ISIN No. XS0043120236 |
| Date of Issuance: | March 31, 1993 |
| Date of Maturity: | March 29, 2005 |
| Interest Rate/Payable: | Not provided |
| Date of Purchase: | April 20, 2001, and June 10, 2003 |
| Acceleration: | Notice sent April 4, 2008 |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statement from Wachovia dated July 31, 2008; letter from Wachovia dated August 29, 2008 |

- 4 -

Table 2.

| Plaintiff Bond Holder or Beneficial Owner: | Alberto Hansen and Patricio M. Hansen |
|---|---|
| Face Value: | U.S. $230,000.00 |
| ISIN No.: | ISIN No. US040114BE93 |
| Date of Issuance: | April 7, 1999 |
| Date of Maturity: | April 7, 2009 |
| Interest Rate/Payable: | Not provided |
| Date of Purchase: | April 24, 2001, and March 25, 2003 |
| Acceleration: | Notice sent April 4, 2008 |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statement from Wachovia dated July 31, 2008; letter from Wachovia dated August 29, 2008 |

## **Discussion**

This Court has already granted summary judgment in other cases

to plaintiffs seeking to collect on the Republic's defaulted bonds issued

under the 1994 FAA. See Mazzini v. Republic of Argentina, No. 03 Civ.

8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005).  Only certain issues

need to be discussed in connection with the present motion.

### Dismissal of the Class Claims

The Republic objects to the entry of judgment on the ground that

plaintiff is not entitled to seek judgment ahead of the class that he

purports to represent.  In response, plaintiff states that he no longer
wishes to pursue claims on behalf of a class.

Since plaintiff now withdraws his claims on behalf of a class,
plaintiff has never moved to certify a class, and no class notice has ever
issued, the court hereby dismisses plaintiff's claims on behalf of a class.
The class representation issue therefore does not impede the entry of
judgment on plaintiff's behalf.


Standing and Proof of Ownership

In the two opinions in Fontana v. Republic of Argentina, 415 F.3d
238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d
242 (2d Cir. 2005), the Second Circuit has held that an owner of a
beneficial interest, such as plaintiffs here, must receive authorization
from the registered holder of the bond before it may sue, but that such
authorization may be granted subsequent to the filing of a lawsuit.
Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of
authorization where the court makes a finding of current ownership.  See
Transcript, March 28, 2006, Cilli v. Republic of Argentina (04 Civ. 6594).

Here, the documents submitted by plaintiff in reply to the
Republic's opposition brief address any concerns about plaintiff's
ownership.  Plaintiff has adequately demonstrated through an account
statement and letter from Wachovia Securities that he owned the

- 6 -

beneficial interests as of August 2008.  Moreover, plaintiff has demonstrated that Alberto Hansen has assigned to plaintiff his rights to prosecute this action.  There is no evidence of any change of ownership since these documents were created.  Plaintiff has therefore demonstrated current ownership of the bonds at issue.

## **Conclusion**

The motion for summary judgment is granted.  Judgment will be entered for the principal amounts of the bonds plus accrued interest. The claims asserted on behalf of a class are dismissed.

The parties shall consult with one another concerning the form of the judgment and the amounts of interest that should be awarded in the judgment.  If the parties are able to reach agreement on those subjects, they shall jointly submit an agreed proposed judgment to the court.  If the parties are unable to reach agreement on those subjects, plaintiff shall submit a proposed judgment to the court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter.  The court will then resolve any remaining disagreements.  Proposed judgments submitted to the court should include the following language: "It is further ORDERED that, until further notice from the Court, plaintiff(s) must refrain from selling or otherwise transferring their beneficial interest in the bond(s) involved in

this action without advising the Court in advance and obtaining

permission of the Court."

     SO ORDERED.

Dated:  New York, New York
        February    , 2009

        *March 3, 2009*

                             Thomas P. Griesa
                             U.S.D.J.